# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| John Doe #1, ) | Civil Action No. 3:17-cv-01167-JFA |
| ) | |
| Plaintiff, ) | [Jury Trial Demanded] |
| ) | |
| v. ) | |
| ) | |
| Kenneth Herman Estabrooks, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Defendant, Kenneth Herman Estabrooks, Answers the Complaint of the Plaintiff as follows:

## FOR A FIRST DEFENSE

1.  The Complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE

2.  Defendant denies each and every allegation of the Complaint of Plaintiff not specifically admitted, qualified, or explained.

3.  That as to Paragraph 2, Defendant would admit that he is a Canadian citizen. As to the remaining allegations, Defendant denies such allegations and demands strict proof thereof.

4.  That as to Paragraphs 3-4, Defendant would allege that such allegations set forth legal conclusion which can neither be admitted nor denied. In so far as such allegations attempt to establish liability on the part of Defendant, Defendant would deny the same and demand strict proof thereof.

5. That as to Paragraph 5, Defendant would allege that jurisdiction is not proper pursuant to § 15-5-150 or § 15-7-30(C)(2) of the South Carolina Code of laws. In so far as the remaining allegations attempt to establish liability on part of Defendant, Defendant would deny the same and demand strict proof thereof.

6. That as to Paragraph 6, Defendant would admit that Plaintiff brought this lawsuit using the pseudonym John Doe #1. In so far as such allegations attempt to establish liability on part of Defendant, Defendant would deny the same and demand strict proof thereof.

7. That as to Paragraph 7, Defendant would admit that Plaintiff volunteered with Irmo Little League. Defendant is without sufficient knowledge upon which to admit or deny the remaining allegations contained therein.

8. That as to Paragraph 8, Defendant would admit that Plaintiff is a salesman in the State of South Carolina. Further answering, Defendant is without sufficient knowledge upon which to form a belief as to Plaintiff's prominence in such role.

9. That as to Paragraph 9, Defendant is without sufficient knowledge upon which to admit or deny the allegations contained therein. In so far as such allegations attempt to establish liability on part of Defendant, Defendant would deny the same and demand strict proof thereof.

10. That as to Paragraph 10, Defendant would admit the same.

11. That as to Paragraphs 11-12, Defendant would deny the same and demand strict proof thereof.

12. That as to Paragraph 13, Defendant is without sufficient knowledge upon which to admit or deny the allegations contained therein. In so far as such allegations attempt to establish liability on part of Defendant, Defendant would deny the same and demand strict proof thereof.

13. That as to Paragraph 14, Defendant would allege that such allegations set forth legal conclusions which can neither be admitted nor denied. In so far as such allegations attempt to establish liability on part of Defendant, Defendant would deny the same and demand strict proof thereof.

14. That as to Paragraphs 15-20, Defendant would deny the same, as stated, and demand strict proof thereof.

15. That as to Paragraphs 21 and 27, Defendant hereby realleges and incorporates each and every response and affirmative defense contained herein as though set forth herein verbatim.

16. That as to Paragraph 22-25, Defendant would deny the same and demand strict proof thereof.

17. That as to Paragraph 26, including subparts a-f, Defendant would deny that Plaintiff is entitled to the relief requested therein or any other relief from Defendant.

18. That as to Paragraphs 28- 32, Defendant would deny the same and demand strict proof thereof.

19. That as to Paragraph 33, including subparts a-f, and Paragraph labeled "WHEREFORE," Defendant would deny that Plaintiff is entitled to the relief requested therein or any other relief from Defendant.

## FOR A THIRD DEFENSE

20. Defendant asserts truth and/or substantial truth as a defense to Plaintiff's claim of defamation.

3

## **FOR A FOURTH DEFENSE**

21.	Plaintiff's claim of defamation is barred by the First Amendment to the United States Constitution.

## **FOR A FIFTH DEFENSE**

22.	Plaintiff's claim of defamation is barred by qualified privilege.

## **FOR A SIXTH DEFENSE**

23.	Plaintiff's claim of defamation is barred by absolute privilege.

## **FOR A SEVENTH DEFENSE**

24.	Plaintiff has failed to mitigate his alleged damages.

## **FOR AN EIGHTH DEFENSE**

25.	Defendant alleges, upon information and belief, that Plaintiff has consented to the release of information and has released those involved in providing such information and that such consent and release bar this action.

[The remainder of this page was intentionally left blank for formatting purposes.]

## **FOR AN EIGHTH DEFENSE**

26. Defendant alleges that he is immune as to any and all claims which are based upon any court proceedings.

                                        DAVIDSON & LINDEMANN, P.A.

                                        *s/Jasmine D. Wyman*
                                        WILLIAM H. DAVIDSON, II, ID #425
                                        JASMINE D. WYMAN, ID #12441
                                        1611 Devonshire Drive, 2nd Floor
                                        Post Office Box 8568
                                        Columbia, South Carolina 29202-8568
                                        wdavidson@dml-law.com
                                        jwyman@dml-law.com
                                        T: 803-806-8222
                                        F: 803-806-8855

                                        *Counsel for Defendant*

Columbia, South Carolina
May 10, 2017